Ron Vincent Collier sued John Buchanan and Jack Newsome, alleging fraud arising out of the sale of an automobile. The jury returned a $100,000 verdict in favor of Collier, but the trial court remitted it to $50,000. Buchanan appealed from the judgment based on the jury verdict, and Collier attacked the remittitur. This Court, in Buchanan v. Collier, 555 So.2d 134
(Ala. 1989), affirmed the judgment of liability, but reversed with regard to the remittitur because the reasons for reducing the verdict were not specified. We remanded the case for a hearing in accordance with our opinion in Hammond v. City ofGadsden, 493 So.2d 1374 (Ala. 1986). *Page 1069 
While that appeal was pending, Buchanan obtained leave from this Court and filed a "motion for new trial" pursuant to Rule 60(b), A.R.Civ.P., on the ground that the judgment was obtained through false representations by Collier. Following an ore tenus hearing, the trial court denied Buchanan's motion. Buchanan appeals.
The underlying judgment in this case was based on the finding that Collier could not acquire a certificate of title to a rebuilt automobile that he had purchased from Buchanan. See our earlier opinion, cited above. After that judgment was rendered, a certificate of title to the automobile was issued to Collier. Collier has subsequently obtained a license plate for, and has driven, the automobile.
Buchanan contends that the underlying judgment was obtained by "fraud, misrepresentation, or other misconduct" by Collier and, therefore, that the trial court abused its discretion in denying his motion for "new trial." Specifically, Buchanan argues that Collier misrepresented his loss or injury by testifying that he could not acquire a certificate of title to, or a license plate for, the automobile and that the automobile could not be driven, when, in fact, a certificate of title to the automobile has been issued and Collier has obtained a license plate for, and has driven, the automobile.
The decision of whether to grant or deny relief under a Rule 60(b) motion is within the sound discretion of the trial court, and a strong presumption of correctness attaches to the trial court's ruling on a Rule 60(b) motion. Ex parte Dowling,477 So.2d 400 (Ala. 1985). In reviewing the denial of a Rule 60(b) motion, this Court cannot consider the correctness of the underlying judgment, but is limited to determining whether the trial court abused its discretion in denying the motion.Douglass v. Capital City Church of the Nazarene, 443 So.2d 917
(Ala. 1983).
It appears from the record before us that after the underlying judgment was rendered, Collier notified the motor vehicle division of the State of Alabama Department of Revenue of the judgment and of his desire to obtain a certificate of title to the automobile. Collier filed a new application for a certificate of title and, in compliance with the request of the Revenue Department, provided the Revenue Department with a copy of the certificate of judgment. Upon inspection of the automobile by the Revenue Department, Collier signed the verification of the title application. The Revenue Department subsequently assigned a new vehicle identification number to the automobile and issued a certificate of title.
Because Collier was issued a certificate of title to the automobile only after he had provided the Revenue Department with a copy of the certificate of judgment, we cannot say that Collier made false representations in procuring the underlying judgment. See the facts and rationale in our earlier opinion. Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying Buchanan's Rule 60(b) motion. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, ALMON, ADAMS and HOUSTON, JJ., concur.