The defendants, Ron Blackmon and Frank Garrison, appeal from a judgment entered in favor of the plaintiff, Marcus Downey, Jr.
Downey sued Blackmon and Garrison for damages. In a four-count complaint and an amended complaint, Downey alleged that Blackmon and Garrison had wrongfully repossessed and converted Downey's automobile and the personal property therein, that they had trespassed on Downey's property while repossessing the car, and that they had illegally sought to charge Downey a usurious rate of interest on a loan.
The trial court entered a default judgment against Blackmon. Sitting without a jury, the trial court heard ore tenus evidence and thereafter entered a judgment against Garrison.
The relevant facts are as follows: Downey entered into a transaction with Blackmon whereby Downey transferred the title to his automobile to Blackmon in exchange for $250.00. Downey agreed to pay Blackmon $55.00 a week for 10 weeks. At the end of 10 weeks, Blackmon was to return the car to Downey. After Downey fell behind on his agreed payments, Blackmon entered Downey's property and took the automobile. The automobile contained personal property that belonged to Downey and others. Downey was told that he could regain possession of the automobile if he paid Blackmon $650.00. Downey was also told that he would have to pay for his own personal property from the automobile.
Garrison operated, and was the principal shareholder of, American Pawn Car, Inc.[1] The evidence was in dispute as to whether Blackmon was an employee of American Pawn Car. Moreover, the evidence was in dispute as to whether Garrison was personally involved in the transaction. It is undisputed, however, that Blackmon and Downey were on the premises of American Pawn Car when they entered into the transaction. It is also undisputed that Downey discussed the transaction with Garrison after the car was "repossessed."
In Gaston v. Ames, 514 So.2d 877, 878 (Ala. 1987), we stated:
 "Where evidence is presented to the trial court ore tenus, a presumption of correctness exists as to the court's conclusions on issues of facts; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Cougar Mining Co. v. Mineral Land Mining Consultants, Inc., 392 So.2d 1177
(Ala. 1981). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists. Smith v. Style Advertising, Inc., 470 So.2d 1194 (Ala. 1985); League v. McDonald, 355 So.2d 695 (Ala. 1978)."
Garrison argues that the trial court's judgment against him was without supporting evidence. That is, he argues that there was no evidence before the trial court linking him to the transaction between Downey and Blackmon or to the subsequent repossession. We conclude that, while the evidence was in dispute, there was sufficient evidence before *Page 1376 
the trial court upon which to base this judgment.
Citing our recent decision in Floyd v. Title Exchange Pawnof Anniston, Inc., 620 So.2d 576 (Ala. 1993), Garrison also argues that the trial court improperly applied the law to the facts of this case. We disagree.
In Title Exchange, we held that an automobile certificate of title is "tangible personal property" within the meaning of the Alabama Pawnshop Act.[2] The effect of that decision was to hold that money-lending transactions involving the transfer of automobile certificates of title for the purpose of giving security are "pawn" transactions and not "small loan" transactions governed by the provisions of Alabama's Small Loan Act. Id. at 578. We set out the relevant difference in the regulation of the two types of transactions, as follows: "The Small Loan Act permits an interest rate of either two or three percent per month, depending on the amount of the unpaid balance, § 5-18-15(a), whereas the Pawnshop Act permits a charge of 25% of the principal amount per month. § 5-19A-7(a)."Id. at 578, n. 4.
Blackmon appeals from the trial court's denial of his Rule 60(b), A.R.Civ.P., motion to set aside the default judgment entered against him.
 "The decision of whether to grant or deny relief under a Rule 60(b) motion is within the sound discretion of the trial court, and a strong presumption of correctness attaches to the trial court's ruling on a Rule 60(b) motion. In reviewing the denial of a Rule 60(b) motion, this Court cannot consider the correctness of the underlying judgment, but is limited to determining whether the trial court abused its discretion in denying the motion."
Buchanan v. Collier, 571 So.2d 1068, 1069 (Ala. 1990) (citations omitted). Blackmon argues that Downey's complaint was never properly served upon him and, therefore, that the trial court abused its discretion in denying his Rule 60(b) motion. We disagree.
The evidence before the trial court when it considered Blackmon's Rule 60(b) motion showed that Downey's attorney had attempted to serve Blackmon by mail. It is undisputed that Downey ultimately complied with the provisions of Rule 4.3(c), A.R.Civ.P., dealing with service by publication. Moreover, it is undisputed that Blackmon had notice of the pending action in sufficient time to respond to the claims against him.
We conclude that the trial court did not abuse its discretion in denying Blackmon's motion to set aside the default judgment. Accordingly, the order denying the Rule 60(b) relief is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] American Pawn Car, Inc., was not named as a defendant in this action and is not a party to this appeal.
[2] Act. No. 92-597, Ala. Acts 1992; Ala. Code 1975, §§ 5-19A-1
through -20 (Supp. 1992).