PER CURIAM.
The paternal grandparents, seeking to adopt their two grandchildren, petitioned the probate court. Both parents of the children *905 signed consent forms agreeing to the adoption. A hearing was held on March 24,1993, and the court entered orders on that date, granting the adoptions. On May 13, 1993, the mother filed a petition to set aside the adoptions, alleging, among other things, that she had suffered “severe emotional and physical abuse” during her marriage to the father and had signed the consent forms under “undue influence”; that she had been threatened that if she did not consent to the adoptions the father would take the children and she would never see them again; and that the children were suffering severe emotional trauma because of the adoption. The probate court held a hearing on the matter on June 3, 1993, and set aside the adoptions by order entered June 11,1993. The grandparents appeal.
Issues raised question the sufficiency of the evidence and the timeliness of the mother’s withdrawal of her consent. The disposi-tive issue, however, is whether the probate court abused its discretion in granting the mother relief from the adoption judgment, pursuant to Rule 60, Ala.R.Civ.P. As required by the rule, the mother sought relief within four months of the entry of the judgment, alleging grounds contained in Rule 60(b)(3). This court cannot reverse the trial court’s determination on a Rule 60(b) motion, absent a clear abuse of discretion. Antepenko v. Antepenko, 584 So.2d 836 (Ala.Civ.App.1991). Our review of the trial court’s ruling is extremely limited. Buchanan v. Collier, 571 So.2d 1068 (Ala.1990). See also McLeod v. McLeod, 473 So.2d 1097 (Ala.Civ.App.1985). Although the probate court’s order does not state the exact grounds for granting the mother’s motion, it is apparent from the record that the mother set forth ample grounds for relief.
Consequently, the probate court’s order granting the mother’s Rule 60(b) motion was proper and is affirmed.
AFFIRMED.
All the Judges concur.