RICHARD L. HOLMES, Retired Appellate Judge.
Thomas Steven Heflin appeals from the trial court’s denial of his motion filed pursuant to Rule 60(b), Ala. R. Civ. P.
Our review of the record reveals the following pertinent facts: Heflin was arrested in Jefferson County, Alabama, on March 5, *164 1994. At the time of his arrest, Heflin was in possession of $35,771 in U.S. currency.
On March 8, 1994, the State of Alabama, through the district attorney’s office, filed a petition, requesting that the trial court declare the currency to be contraband and condemn and forfeit the currency, pursuant to Ala.Code 1975, § 20-2-93. The petition for the currency listed Heflin’s address as 1412 Hempstead Avenue, Pasadena, Texas 77506.
The trial court set the hearing on the petition for April 18, 1994, and ordered that notice of the hearing be given to all interested parties. The record reveals that a copy of the notice to file claims was sent to Heflin at the above-stated address. A copy of the notice was also published in the Alabama Messenger on March 26, 1994, April 2, 1994, and April 9,1994.
The trial court held a hearing on the petition for forfeiture and issued a judgment, dated May 14, 1994, wherein it declared the currency to be contraband and condemned and forfeited the currency to the State. A copy of the judgment was sent to Heflin at the above-stated address.
On April 12,1996, approximately two years later, Heflin filed a motion for relief from judgment, pursuant to Rule 60(b), Ala. R. Civ. P. In his motion for relief, Heflin contends that he was never served with any notice of the forfeiture proceeding instituted by the State. Specifically, Heflin contends that he was incarcerated in the Jefferson County jail from the time of his arrest on March 5, 1994, until he was transferred to Kilby Correctional Facility on May 6, 1994, and that the district attorney’s office knew, or should have known, of his whereabouts at the time it filed the petition for forfeiture.
On May 9, 1996, the trial court held a hearing and denied Heflin’s motion. Heflin appeals.
At the outset we would note that the granting or denial of a Rule 60(b) motion is within the sound discretion of the trial court and that the standard of review on appeal is whether the trial court abused its discretion. Hilliard v. SouthTrust Bank, 581 So.2d 826 (Ala.1991). Furthermore, a strong presumption of correctness attaches to the trial court’s ruling on a motion under Rule 60(b). Buchanan v. Collier, 571 So.2d 1068 (Ala.1990).
Pursuant to Rule 60(b)(4), Ala. R. Civ. P., relief is applicable in cases where the court that entered the prior judgment either lacked subject matter jurisdiction, lacked personal jurisdiction over one or more of the parties, or otherwise functioned in a manner which was not consistent with the principles of due process. Steelman v. Steelman, 512 So.2d 776 (Ala.Civ.App.1987). In light of the above, it is clear to this court that Heflin’s motion is a Rule 60(b) motion because Heflin alleges that he was never served with any notice of the forfeiture proceedings instituted by the State.
Normally, a person seeking relief under Rule 60(b), Ala. R. Civ. P., has to establish one of the grounds contained in the rule, as well as the existence of a meritorious defense to the cause of action against him. Mickens v. Calame, 497 So.2d 505 (Ala.Civ.App.1986). However, if the movant has alleged and has proven that the underlying judgment is void, then he does not have to prove the existence of a meritorious defense. Mickens, 497 So.2d 505.
In the instant case the trial court did hold a hearing on Heflin’s Rule 60(b) motion. The hearing was on May 9,1996. Heflin was not present at that hearing. However, the record indicates that Heflin sent the trial judge a letter on May 8, 1996. A copy of that letter is not in the record. And, there is nothing in the record before us to indicate what transpired at that hearing.
It is well settled that when a trial court conducts a hearing and a transcript of that hearing is not present in the record, the appellate court must conclusively presume that the trial court had adequate evidence before it to support its findings. Woodard v. State Dep’t of Industrial Relations, 599 So.2d 48 (Ala.Civ.App.1992). Therefore, we have no choice but to conclude that the trial court correctly determined that Heflin had notice of the forfeiture proceedings and that the underlying judgment was not void.
*165 Heflin contends that it was not his fault that a copy of the transcript was not included in the record because, he says, he paid money “to cover the cost of having the record on appeal prepared by the court.” However, our review of the record indicates that Heflin did not request a copy of the transcript.
We would also note that Heflin raises another issue on appeal regarding double jeopardy. In light of the foregoing, that issue is pretermitted. The purpose of an appeal from the denial of a Rule 60(b) motion is to attack the trial court’s denial of that motion, rather than the correctness of the underlying judgment sought to be set aside. Menefee v. Veal, 484 So.2d 437 (Ala.1986).
It would, therefore, be improper for this court to entertain Heflin’s double jeopardy issue since we have to presume that the trial court did not abuse its discretion in denying Heflin’s Rule 60(b) motion.
Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.