[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1082 
Horace Hitt, Robert McCain, and Gene Gentry, all former division chiefs in the Alabama Department of Revenue ("the ADR"), appeal from an order of the Circuit Court of Montgomery County entered on May 1, 2002, denying their postjudgment motion. Hitt, McCain, and Gentry had been belatedly joined, on motion of a defendant, as additional plaintiffs to an action filed by Eugene Akers and Charlie Lassiter, both of whom are former division chiefs of the ADR. Akers and Lassiter originally filed a petition with the State Personnel Board ("the Board") seeking relief comparable to that awarded the plaintiffs in Brashears v. State Personnel Board, CV-90-58 (Montgomery Circuit Court September 16, 1993), aff'd, State Personnel Board v. Brashears, 659 So.2d 617 (Ala.Civ.App. 1994),[1] and a determination that the holding in Brashears was applicable to them. After the Board declined to act on the petition and on an application for rehearing, Akers and Lassiter *Page 1083 
sought judicial review of the Board's decision and a declaratory judgment in the Circuit Court of Montgomery County. The respondents in the case were the Board, the State personnel director, members of the Board, the ADR, and the commissioner of the ADR (hereinafter collectively referred to as "the State"). The Board moved to join as plaintiffs all other individuals who had petitioned or written letters to it asserting similar claims, including Hitt, McCain, and Gentry (hereinafter all such claimants are collectively referred to as "the Employees"). The trial court granted that motion, and Hitt, McCain, and Gentry became plaintiffs. After the State and the Employees, respectively, filed motions for a summary judgment, the court on October 30, 1997, granted the Employees' summary-judgment motion and stated, in pertinent part, the following:
 "1. [The State is] ordered and enjoined to take all steps necessary to ensure that all [the Employees] are paid all back pay and back retirement benefits, with interest, to which they were entitled and which they have not received due to their not being placed on Pay Grade or Range 84, Step 18 on May 26, 1982 or the date which they became such Division (or Acting Division) Chief, whichever is later, and adjusted effective November 2, 1988 as the said Brashears plaintiffs pay was adjusted, if such date is applicable to the respective [Employee]. Such back pay shall include adjustments to take into account the merit raises, step increases, and promotions received by the respective [Employee].
 "2. It is the intent of this Order that the [Employees] receive the benefits of the Brashears cases cited above and that their present pay and/or retirement benefits be adjusted to be at the level that such pay and retirement benefits would have been if the [Employees] had been placed on the Pay Grade or Range and Step as ordered herein. The [State is] ordered and enjoined to take all necessary steps to put each [Employee] at such pay grade or range, or receive such retirement benefits, consistent with this Order."
(Emphasis added.) The State appealed to this Court, and on October 16, 1998, this Court affirmed the trial court's summary judgment for the Employees, without an opinion. Alabama Dep't of Revenue v. Akers (No. 1970478), 745 So.2d 310 (Ala. 1998) ("Akers I").
Part of the convoluted procedural history of this case was explained by this Court in its opinion on the subsequent appeal in State Personnel Board v. Akers, 797 So.2d 422, 423-24 (Ala. 2000) ("Akers II"), in which this Court noted that after our affirmance in Akers I
 "[T]he State paid the Employees backpay and back retirement benefits, but did not pay prejudgment interest. On January 8, 1999, the Employees moved to have the defendants held in contempt and to enforce the trial court's October 30, 1997, judgment.[2] The Employees asserted that the trial court's October 30, 1997, judgment required the State to pay them prejudgment interest on the award of backpay. The State argued that the trial court's judgment did not order the State to pay the Employees prejudgment interest, but, instead, ordered the State to adjust the Employees' backpay to that ordered in Brashears, and that the State had fully complied with the trial court's October 30, 1997, judgment. On September 27, 1999, the trial court denied the *Page 1084 
Employees' January 8, 1999, motion and entered the following order purporting to clarify its October 30, 1997, judgment:
 "'[The Employees] contend that this Court's [October 30, 1997,] order required that the back pay award be "calculated" in exactly the same way as done in the Brashears v. Alabama State Personnel Board case. Contrary to [the Employees'] assertions, neither this Court's [October 30, 1997,] order, nor the Court's order in Brashears required that "pre-judgment interest" be paid to the [Employees.] The order issued in the Brashears case did not address "pre-judgment interest."'
 "The trial court further held (1) that the Employees were not entitled to prejudgment interest under Ala. Code 1975, 8-8-8, because, it concluded, their action was not based on a contract theory, and (2) that the State had fully complied with the October 30, 1997, judgment.
 "The Employees filed a motion asking the court to alter, amend, or vacate its September 27, 1999, order. On January 25, 2000, the court granted that motion, holding that under 8-8-8 the Employees were entitled to prejudgment interest on the backpay award."
The trial court's January 25, 2000, order specifically stated, in part:
 "2. The [State is] ordered and directed to calculate and to pay each [Employee] interest on the back pay due to each such [Employee] which interest shall be calculated as follows:
 "A. Interest at the rate of 6% per annum on all such back pay earned prior to the date of this Court's Order dated October 30, 1997.
 "B. Interest at the rate of 12% per annum on the amount of such back pay and interest as computed in accordance with paragraph 2A above."[3]
The State appealed, and this Court on December 29, 2000, in Akers II "reverse[d] the trial court's order awarding the Employees prejudgment interest," stating, in part:
 "The Employees were not entitled to an award of prejudgment interest under Ala. Code 1975, 8-8-8. Because the Employees were not entitled to prejudgment interest, we will presume that the trial court meant only postjudgment interest when it used the term 'with interest' in its October 30, 1997, judgment."
797 So.2d at 425. On February 27, 2002,[4] the trial court entered an order based on its understanding of the import of Akers II, dismissing all claims.
On March 28, 2002, Hitt, McCain, and Gentry filed a motion they entitled a "Motion to Alter, Amend, or Vacate Judgment Under Rule 59(e), Ala.R.Civ.P., or, Alternatively for Relief Under Rule 60(a) or (b), or for an Interpretation or Enforcement of the Rights of the Movants Under the Court's Judgment." On May 1, 2002, after oral arguments and a review of the pleadings, the trial court denied their motion, explaining its reasoning as follows:
 "A Final Order was entered in this case on the claims of Horace Hitt, Robert *Page 1085 
McCain, and Gene Gentry on January 25, 2000. No issue was subsequently brought before this Court or on appeal concerning the individualized claims contained in the Rule 59(e) Motion of these Petitioners. The Alabama Supreme Court heard the issues presented on appeal and directed that judgment be entered in favor of [the State] on the issue of pre-judgment interest. ... This Court finds insufficient cause for altering or amending the judgment entered in this case [on February 27, 2002] and the Motion under Rule 59(e) is denied.
 "Alternatively, [Hitt, McCain, and Gentry] request relief from the judgment under Rule 60(a) or (b). No adequate grounds are cited by [Hitt, McCain, and Gentry] which would support relief from judgment under Rule 60(a) or (b) and the Court finds no evidence contained in the record to alter its judgment.
 "Finally, [Hitt, McCain, and Gentry] make an additional alternative request for this Court to interpret or enforce its prior judgment. A certificate of judgment was entered by the Alabama Supreme Court on May 30, 2001 in favor of [the State]. In accordance with the Alabama Supreme Court's Order, this Court subsequently entered an Order finding in favor of [the State]. No further interpretation or enforcement is necessary.
 "This Court, having reviewed the pleadings in this case, and having the benefit of oral argument hereby ORDERS that the Petitioners' Motion to Alter, Amend or Vacate the Judgment under 59(e), Ala.R.Civ.P., or Alternatively for Relief under Rule 60(a) or (b) or for an interpretation or enforcement of its prior order is hereby DENIED."
(Capitalization original.)
Hitt, McCain, and Gentry filed a notice of appeal on June 7, 2002. On appeal, they argue (1) that the trial court erred in failing to grant their Rule 59(e), Ala.R.Civ.P., motion; (2) that the trial court erred in failing to grant their Rule 60(a) and 60(b), Ala.R.Civ.P., motions; and (3) that the trial court erred in not granting their motion to interpret or enforce its judgments. Our standard of review for rulings on postjudgment motions is well settled:
 "In general, whether to grant or to deny a posttrial motion is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal unless by its ruling the court abused some legal right and the record plainly shows that the trial court erred. See Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38 (Ala. 1990)."
Flagstar Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala. 2000); see also Guillot v. State, 543 So.2d 695, 696 (Ala. 1989) ("The review of a denial of a Rule 59(e), Ala.R.Civ.P., motion to alter, amend, or vacate a judgment is 'limited to whether the trial court abused its discretion.' Lockhart v. Phenix City Investment Co., 488 So.2d 1353, 1354 (Ala. 1986)."); Antepenko v. Antepenko, 584 So.2d 836, 838 (Ala.Civ.App. 1991) ("The trial court has wide discretion in making a determination to grant or deny [a Rule 60(a), Ala.R.Civ.P.,] motion, and its determination will not be reversed ... absent a clear abuse of discretion. Shipe v. Shipe, 477 So.2d 430 (Ala.Civ.App. 1985)."); Blackmon v. Downey,624 So.2d 1374, 1376 (Ala. 1993) ("'In reviewing the denial of a Rule 60(b)[, Ala.R.Civ.P.,] motion, this Court cannot consider the correctness of the underlying judgment, but is limited to determining whether the trial court abused its discretion in denying the motion.'" (quoting Buchanan v. Collier, 571 So.2d 1068, 1069 (Ala. 1990))). *Page 1086 
In 1977, the Alabama Legislature enacted a statute codified at Ala. Code 1975, 40-2-24,[5] which provided: "The persons holding the positions in the Department of Revenue known as division chief ... shall be entitled to receive an annual salary equal to but not exceeding the maximum salary now or hereafter fixed for the position of attorney III supervisor." At the time that section was enacted, the position of attorney III supervisor was the highest paid attorney classification in the state merit system. In 1979, the classification of attorney IV was established and has since been the highest paid attorney classification in the state merit system. Between 1979 and 1982, the positions of both attorney III supervisor and attorney IV existed, and the pay grade of division chiefs of the ADR was commensurate with the pay grade of the position of attorney III supervisor.
On May 26, 1982, a new "State Classification and Pay Plan" was adopted. The new plan eliminated the position of attorney III supervisor and placed the merit-system jobs held by division chiefs of the ADR into a new pay grade. The new plan set the pay grade of division chiefs at pay grade 87, which was three pay grades above that of the highest attorney III position. Under the May 1982 reclassification plan, which is still effective, the attorney positions in the state are attorney I, attorney II, attorney III, and attorney IV. In November 1988, the pay grade for an attorney IV was increased. After this pay-grade increase, various people holding the title of division chief of the ADR ("the Brashears petitioners") petitioned the Board, arguing that the division chief position should also be increased to the same pay grade as attorney IV because, they argued, the Legislature had stated its intent in 40-2-24
that the pay grade of ADR division chiefs be equal to that of the highest pay grade for an attorney working for the State. The division chiefs also asserted that they were due backpay because, they argued, they should have been paid at the attorney IV pay grade beginning in 1982, when the new pay plan was adopted. After the Board denied the petition, the Brashears petitioners appealed to the Circuit Court of Montgomery County, and on September 16, 1993, a final order was entered that granted the Brashears petitioners backpay and a new pay rate (see note 1, supra).
Although Hitt and McCain participated with the Brashears petitioners in the original proceedings before the Board, they were not parties to the ensuing circuit court action. According to Hitt and McCain, even though they knew they were "potential plaintiffs," they did not participate in the Brashears litigation because the then revenue commissioner, James M. Sizemore, Jr., assured them that they would be treated the same as the Brashears petitioners even if they were not parties to the lawsuit because he considered the Brashears lawsuit to be a class action. After the resolution of Brashears, Hitt and McCain both received backpay, but it was limited by a two-year statutory limitations period;[6] they received backpay for only the two-year period from April 17, 1993, to *Page 1087 
April 17, 1995.[7] The Brashears petitioners, on the other hand, had received backpay from May 26, 1982, the date the new pay plan was adopted, forward. Hitt and McCain petitioned the Board for an additional award of backpay, in accordance with the circuit court's opinion in Brashears, i.e., they sought backpay from May 26, 1982, through April 16, 1993. In August 1995, the then State personnel director, Halycon Ballard, wrote a letter to then revenue commissioner, Ralph Eagerton. In the letter Ballard stated, "I am recommending to the Board that Division Chiefs Hitt and McCain be awarded backpay in the same fashion as the other Division Chiefs enumerated in Section 40-2-24."
Hitt and McCain state in their brief to this Court that they were finally compensated for their full backpay following the October 30, 1997, order of the trial court, but they received postjudgment interest from only the date of that order, and not from the date of the trial court's order that was affirmed in Brashears, i.e., September 16, 1993. Thus, Hitt and McCain, in their postjudgment motion, sought to recover interest on their respective compensation awards calculated from September 16, 1993, rather than October 30, 1997.
Gentry served in two different division chief positions with the ADR from February 1982 until February 1988, when he was promoted to the position of assistant commissioner. Gentry also received backpay and postjudgment interest under the October 30, 1997, order, but, according to him, although the amount due him was preliminarily calculated by the chief fiscal officer of the ADR at $35,187.30, it was finally calculated to be only $28,701. He attributed this difference to the fact that his backpay should have been calculated to include the period after his promotion to assistant commissioner, because, he says, his pay in that position was originally set too low, because his pay as assistant commissioner was determined based on his incorrect lower rate of pay as a division chief.
Hitt, McCain, and Gentry asserted in their motion that they were entitled to relief from the trial court's February 27, 2002, order,[8]
under, among other procedural rules, Rule 59(e), Ala.R.Civ.P., which provides that "[a] motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment." In Ex parte Employers National Insurance Co., 539 So.2d 233, 237 (Ala. 1989), this Court stated:
 "In Lockhart v. Phenix City In[v]. Co., 488 So.2d 1353 (Ala. 1986), we found that abuse of discretion by the trial court in granting a Rule 59(e), A[la].R.Civ.P., motion to alter, amend, or *Page 1088 
vacate can be found only where a legal right is abused and where the record clearly shows the trial court to be in error. Of course, the corollary, that the denial of such a motion is abuse of discretion, would require the same showing of a legal right and a record that clearly demonstrates error."
The February 27, 2002, order that Hitt, McCain, and Gentry asked the trial court to alter, amend, or vacate addressed only the issue of prejudgment interest. In that order, the trial court merely proceeded pursuant to this Court's opinion and mandate in Akers II, which precluded the Employees from receiving prejudgment interest as the trial court's January 25, 2000, order had directed.
However, the issues Hitt, McCain, and Gentry asserted in their Rule 59(e) motion did not pertain to prejudgment interest; rather, Hitt and McCain contended that they were entitled to additional postjudgment interest and Gentry argued that his backpay had been incorrectly calculated. This Court in Akers II stated: "The trial court [in its January 25, 2000, order] ordered the State to pay prejudgment interest at the rate of 6% per year 'on all ... backpay earned prior to' the trial court's October 30, 1997, judgment."[9] 797 So.2d at 424. As set forth above, this feature of the trial court's order was labeled paragraph 2.A., and paragraph 2.B. of the order stated that interest at the rate of 12% per year should be paid "on the amount of such backpay and interest as computed in accordance with paragraph 2A." We take note that Ala. Code 1975, 8-8-10, states, in part: "Judgments for the payment of money, other than costs, if based upon a contract action, bear interest from the day of the cause of action, at the same rate of interest as stated in said contract; all other judgments shall bear interest at the rate of 12 percent per annum ...." (Emphasis supplied.) Because the trial court stated that all backpay earned prior to October 30, 1997, was subject to interest at the rate of 6%, it obviously considered all such interest to be prejudgment interest; paragraph 2.B., by contrast, clearly refers to postjudgment interest, to be calculated at 12%, and it is implicit in that paragraph that the postjudgment interest was to be calculated from October 30, 1997, forward. When the State took its appeal in Akers II challenging the aspect of the trial court's January 25, 2000, order granting the Employees prejudgment interest (paragraph 2.A.), the Employees (Hitt, McCain, and Gentry included) did not cross-appeal on the issue of the start date for the calculation of postjudgment interest. "'In cases where an appeal is taken with respect to only a particular issue or issues, there can be no retrial after remand of issues previously tried and determined but not c.
In their March 28, 2002, motion to the trial court, Hitt, McCain, and Gentry stated, in pertinent part: *Page 1089 
 "8. The various decisions of the Court have not been clarified as to the rights of Hitt and McCain to the same post judgment calculations that were applied to the plaintiffs in the Brashears case.
 "9. As to the Movant Gentry, his backpay was calculated by the Revenue Department Chief Fiscal officer at $35,187.30, but he was only paid $28, 701.00, and this calculation needs to be re-evaluated in order to assure that Gentry was adequately compensated under the Court's [orders] consistent with amounts awarded to other parties hereto."
These assertions did not relate to the trial court's prejudgment-interest order. Hitt, McCain, and Gentry were in actuality asking the trial court to alter, amend, or vacate an earlier order, the January 25, 2000, order, but a motion proceeding under the auspices of Rule 59(e) must be filed within 30 days of the order the movant seeks to have altered, amended, or vacated. Further, they waived their right to challenge this issue by not cross-appealing as to it in Akers II. Accordingly, we find that the trial court did not exceed its discretion in denying the Rule 59(e) motion. Hitt, McCain, and Gentry also argued in their motion that they were entitled to relief from the trial court's February 27, 2002, order pursuant to Rule 60(a) and Rule 60(b), Ala.R.Civ.P.; in their brief to this Court, they identify Rule 60(b)(1) as the subsection of 60(b) pertinent to their claim. Rule 60(a) provides:
 "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court. Whenever necessary a transcript of the record as corrected may be certified to the appellate court in response to a writ of certiorari or like writ."
Rule 60(b)(1), Ala.R.Civ.P., states, in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ...." Any motion filed pursuant to Rule 60(b)(1) must be filed within four months of the date the judgment from which the movant is appealing was entered.
In support of their Rule 60(a) and (b)(1) grounds, Hitt, McCain, and Gentry presented to the trial court the same argument they had made in support of their of Rule 59(e) motion, stating:
 "The Movants pray for the Court to provide interpretation upon its final judgment that will provide the relief of treating the Movants Hitt and McCain the same, for post-judgment interest purposes, as were the Plaintiffs in the Brashears case. The Movants further pray for the relief that will ... correct any errors in the calculations of [Gentry's] back-pay decision."
These statements did not identify or implicate any clerical mistake in the trial court's prejudgment-interest order. Hitt, McCain, and Gentry also did not assert any circumstances that demonstrated a proper basis for relief due to "mistake, inadvertence, surprise, or excusable neglect." Therefore, we conclude that the trial court did not exceed its discretion in denying Hitt, McCain, and Gentry relief under Rule 60(a) and (b)(1). *Page 1090 
Finally, Hitt, McCain, and Gentry contend that the trial court erred in not granting their motion requesting that the trial court interpret or enforce its October 30, 1997, January 25, 2000, and February 27, 2002, orders so as to require that Hitt and McCain be paid postjudgment interest calculated from September 16, 1993, and that Gentry's backpay be recalculated. As noted, the trial court stated that "no further interpretation or enforcement is necessary" and that it had entered its February 27, 2002, order in accordance with this Court's decision in Akers II. Hitt, McCain, and Gentry all received backpay, a recalculation of their retirement benefits, and postjudgment interest from the date of the October 30, 1997, order. They were not parties to the Brashears litigation and did not have a judgment in their favor in that separate case until October 30, 1997. In Akers II this Court found that the Employees, including Hitt and McCain, were not entitled to prejudgment interest, and the trial court entered an order in accordance with that opinion; therefore, any interest Hitt and McCain claim they are entitled to before the date of their judgment in this case, October 30, 1997, would, as applied to them, be prejudgment interest. Also, the trial court's January 25, 2000, order stipulated that both prejudgment and postjudgment interest would be paid to the Employees, and Hitt and McCain state in their brief that "the full backpay to which [they] were entitled was paid pursuant to the trial court's order of October 30, 1997, but post-judgment interest was only paid from that date." Thus, when the trial judge entered the February 27, 2002, order, he knew that the Employees had already received postjudgment interest in accordance with his January 25, 2000, order, and that the only issue addressed in Akers II was prejudgment interest. Therefore, there was nothing else for the trial court to enforce when it dismissed the January 25, 2000, order; paragraph 2.B. had been complied with and this Court reversed only the trial court's holding in paragraph 2.A.
In the Employees' January 8, 1999, motion for contempt and to enforce the October 30, 1997, judgment, their principal contention was that the State had not paid them prejudgment interest and had limited their postjudgment-interest award. Only in passing was the alleged discrepancy in Gentry's award of backpay raised; the motion stated that subsequent to the affirmance in Akers II the State "unilaterally made a decision that the [State] would not pay the [Employees] any prejudgment interest and that any postjudgment interest would be severely limited and recomputed the pay of Gene Gentry ...." (Emphasis supplied.) In its response to the Employees' January 8, 1999, motion, the trial court entered an order on September 27, 1999, which addressed only the issue of prejudgment interest. The Employees, in their motion to alter, amend, or vacate the September 27, 1999, order, did not raise the issue of the discrepancy in the calculation of Gentry's backpay. In response to their motion, the trial court entered an order on January 25, 2000, which granted the Employees prejudgment interest on all backpay earned before October 30, 1997, and postjudgment interest on all backpay earned after October 30, 1997, but did not grant Gentry any relief. The State appealed the trial court's award of prejudgment interest to the Employees, but Gentry took no cross-appeal, and this Court in Akers II reversed only as to the order awarding the prejudgment interest. The trial court then, on February 27, 2002, entered an order pursuant to the sole issue raised in Akers II. Gentry's claim that he did not receive the correct amount of backpay was mentioned again, however, in Hitt, McCain, and Gentry's March 28, 2002, joint motion to alter, amend, or vacate the February 27, 2002, order. The trial court reviewed the pleadings and heard oral argument (which is not transcribed in the record) and found that no alteration, amendment, vacation, interpretation, or enforcement of its order was necessary. Accordingly, the issue of the calculation of *Page 1091 
Gentry's backpay had been presented to the trial court before the March 28, 2002, motion and was implicitly rejected by it, with an intervening appeal in which Gentry did not pursue the issue. We cannot say that the trial court exceeded its discretion by refusing to revisit that issue in response to the March 28, 2002, motion.
For the foregoing reasons, the trial court's denial of Hitt, McCain, and Gentry's postjudgment motion seeking relief from the trial court's February 27, 2002, judgment is due to be affirmed.
AFFIRMED.
MOORE, C.J., and SEE, BROWN, and STUART, JJ., concur.
[1]:Brashears involved a dispute as to the "pay grade" in which ADR division chiefs should be placed. In its order in that case, the trial court required, in pertinent part:
 "That the Respondents [the Board, its director, chairman, and various members] take all steps necessary to place the Petitioners [persons serving or who had served as division chiefs with the ADR since May 26, 1982,] at the maximum Pay Grade or Range Level which is three (3) Pay Grades or Ranges higher than that of the Attorney III position; said Pay Grade or Range presently is 87, which is three (3) Pay Grades or Ranges higher than the present Pay Grade or Range for Attorney III.
 "That the pay of the Petitioners shall, for so long as they are employed in their present positions, continue in the future to be placed at the maximum pay for a Grade or Range which is three (3) Pay Grades or Ranges above that of Attorney III, whether the Pay Grade or Range for Attorney III remains at Pay Grade or Range 84 or is changed to some other Pay Grade or Range.
 "The Respondents are ordered and enjoined to request of the State Commissioner of Revenue and the State Comptroller that the Petitioners be paid back pay, for the period of time they have been employed in their present positions, at the rate of the maximum for Pay Grade or Range 84 from May 26, 1982, until November 2, 1988, and at the maximum for Pay Grade or Range 87 since November 3, 1988, to the date of payment."
[2] In support of this motion, the Employees, on January 25, 1999, filed a brief detailing "why [the State] must abide by the final order of [the trial] court."
[3] Although the record of Akers II is not a part of the record in the present appeal, "'[t]his court takes judicial notice or has judicial knowledge of contents of its records with reference to its previous consideration of litigation presently before it.' Federal Deposit Ins. Corp. v. Equitable Life Assur. Soc. of the United States, 289 Ala. 192,194, 266 So.2d 752, 753 (1972)." Morrow v. Gibson, 827 So.2d 756, 762
(Ala. 2002).
[4] The order was signed on February 26, 2002, but was not filed with the court clerk until February 27. Hitt, McCain, and Gentry, in their brief, refer to this order as having been entered on February 26, 2002.
[5] This Code section was repealed in 1996 by Act No. 96-494, Ala. Acts 1996.
[6] According to the Board, Hitt and McCain received backpay for only a two-year period because Ala. Code 1975, 6-2-38(m), mandates that "[a]ll actions for the recovery of wages, overtime, damages, fees, or penalties accruing under laws respecting the payment of wages, overtime, damages, fees, and penalties must be brought within two years."
[7] The significance of the April 17, 1995, date is unclear from the record.
[8] In their March 28, 2002, motion, Hitt, McCain, and Gentry asserted to the trial court that they were seeking relief from its February 27, 2002, order, and in the "Statement of the Case" section of their brief to this Court they state that they are "seeking to review the judgment ... entered on February 2[7], 2002, ... and the order of that Court entered on May 1, 2002, denying [their] motion to alter, amend, or vacate that judgment." However, in the argument section of their brief they state: "This appeal only includes the issue of whether the trial court was obligated to resolve a dispute. ... The order in question was entered on October 30, 1997. ..." We will consider only the February 27, 2002, order in reviewing the denials of the Rule 59(e), Rule 60(a), and Rule 60(b) motions because that is the only order the movants asked the trial court to reconsider. "Our review is limited to the issues that were before the trial court — an issue raised on appeal must have first been presented to and ruled on by the trial court." Norman v. Bozeman,605 So.2d 1210, 1214 (Ala. 1992).
[9] Ala. Code 1975, 8-8-1, states: "Except as otherwise provided by law, the maximum rate of interest upon the loan or forbearance of money, goods, or things in action, except by written contract is $6 upon $100 for one year. . . ."