L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in February 1991. Prior to the divorce, but while separated, the parties each redeemed the same jointly-held certificate of deposit on the same date. The bank demanded that one payment be reimbursed. The issue of repayment to the bank was addressed by the trial court in its judgment of divorce. The judgment provided that the wife “settle the certificate of deposit problem” with the bank. Of further import to this appeal, the wife was awarded “all certificates of deposit in her possession,” and the husband was awarded “[tjhree $1,000.00 certificates of deposit.”
In September 1992 the wife filed an action in the District Court of Jefferson County to recover from the husband the money that she was required to repay to the bank on her redemption of the certificate of deposit. The district court found in favor of the wife. The husband appealed the matter to the circuit court for a trial de novo. Following proceedings without a jury, the circuit court entered the following judgment:
“The court finds that the final decree of divorce between the parties to this lawsuit does not answer the question as to the liability between the parties pertaining to the certificate of deposit in question. Consequently, the court finds that it is appropriate to make a decision based on the testimony offered at the trial of this cause on March 3, 1993. It is the judgment of the court that [the wife] is entitled to recover of [the husband] One Thousand One Hundred Twenty-Three and 71/100 Dollars ($1,123.71) and judgment is hereby entered in her behalf for that amount, together with all costs.”
The husband appeals and asserts that the trial court erred in entering a judgment in favor of the wife. He insists that the circuit court was without jurisdiction to entertain the matter because the provisions contemplating the certificates of deposit were *1025 a final property settlement and therefore not modifiable.
Generally, property settlements are not modifiable. Williams v. Williams, 591 So.2d 879 (Ala.Civ.App.1991). If the provisions of a property settlement are ambiguous, one may request a clarification of the provisions. A clarification of the matter is not a modification of the judgment of divorce. Williams.
The record does not contain a transcript of the testimony. It does, however, contain a statement of the evidence, which was made pursuant to Rule 10(d), A.R.A.P. The Rule 10(d) statement indicates that the parties have accorded different interpretations to the judgment of divorce as it pertains to the certificates of deposit and have acted inconsistently under it.
The language in the divorce judgment was apparently determined by the trial court to be ambiguous as to whether the issue of responsibility of repayment to the bank was placed upon the wife. The question of whether there exists an ambiguity in an instrument is a matter of law for the judge. Dees v. Dees, 581 So.2d 1103 (Ala.Civ.App.1990). Due to the ambiguity, the circuit court had jurisdiction to entertain the wife’s complaint.
The interpretation made by the trial court is accorded a heavy presumption of correctness and will not be disturbed unless it is palpably erroneous. Grizzell v. Grizzell, 583 So.2d 1349 (Ala.Civ.App.1991). The court’s interpretation is supported by what record there is. We find no error.
The husband asserts that the trial court erred in refusing to award to him attorney fees, pursuant to the Alabama Litigation Accountability Act. § 12-19-272, Code 1975. In view of the disposition on appeal, we find no error.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.