This case originated pursuant to the Alabama Administrative Procedure Act, § 41-22-1 et seq., Ala. Code 1975.
This is the second time this case has been before this court. See Alabama State Personnel Bd. v. Brashears, 575 So.2d 1149
(Ala.Civ.App. 1991). In our opinion dated January 31, 1991, we remanded the case to the trial court for further proceedings. Following those proceedings, the trial court entered a judgment against the Board and in favor of Robert Brashears and the other State merit system employees involved in this litigation.
The Board appeals again, raising three issues: (1) whether the trial court had jurisdiction to enter its second judgment; (2) whether the trial court erred in failing to address the constitutionality of § 40-2-24, *Page 618 
Ala. Code 1975; and (3) whether the trial court applied the proper standard of review.
The judgment of the trial court is now affirmed on the authority of (1) § 41-22-20(i) and (k), Ala. Code 1975; (2) §6-6-227, Ala. Code 1975, Town of Dauphin Island v. PointProperties, Inc., 620 So.2d 602 (Ala. 1993), and Cole v.Sylacauga Hosp. Bd., 269 Ala. 405, 113 So.2d 200 (1959); and (3) § 41-22-20(k), Ala. Code 1975, State Personnel Dep't v.Mays, 624 So.2d 194 (Ala.Civ.App. 1993), and Gunter v.Beasley, 414 So.2d 41 (Ala. 1982).
AFFIRMED.
YATES, J., concurs.
THIGPEN, J., concurs in the result.