797 So.2d 422 (2000)
STATE of Alabama PERSONNEL BOARD et al.
v.
Eugene J. AKERS et al.
1990954.
Supreme Court of Alabama.
December 29, 2000.
Rehearing Denied May 11, 2001.
*423 Bill Pryor, atty. gen., and Alice Ann Byrne, asst. atty. gen., for appellants.
J. Knox Argo, Montgomery; Jeffery C. Duffey, Montgomery; and Alvin T. Prestwood of Volz, Prestwood & Hanan, P.C., Montgomery, for appellees.
SEE, Justice.
The Alabama Department of Revenue, the commissioner of revenue, and the State of Alabama Personnel Board (collectively, the "State") were defendants in an action filed by several past and present division chiefs of the Department of Revenue (collectively, the "Employees").[1] On October 30, 1997, the trial court, following the decision in State Personnel Board v. Brashears, 659 So.2d 617 (Ala.Civ.App. 1994), cert. quashed, 659 So.2d 617 (Ala. 1995), entered a final judgment in favor of the Employees and, in pertinent part, ordered the State to pay them "all backpay and back retirement benefits, with interest, to which they were entitled and which they ha[d] not received due to their not being placed" in a certain pay grade as required by Ala.Code 1975, § 40-2-24,[2] and to adjust the Employees' present pay and retirement benefits to those of the Brashears plaintiffs. (Emphasis added.) On appeal, this Court affirmed the trial court's judgment without an opinion. Alabama Dep't of Revenue v. Akers, (No. 1970478) 745 So.2d 310 (Ala.1998).
The State paid the Employees backpay and back retirement benefits, but did not pay prejudgment interest. On January 8, 1999, the Employees moved to have the defendants held in contempt and to enforce the trial court's October 30, 1997, judgment. The Employees asserted that the trial court's October 30, 1997, judgment required the State to pay them prejudgment interest on the award of backpay. The State argued that the trial court's judgment did not order the State to pay the Employees prejudgment interest, but, instead, ordered the State to adjust *424 the Employees' backpay to that ordered in Brashears, and that the State had fully complied with the trial court's October 30, 1997, judgment. On September 27, 1999, the trial court denied the Employees' January 8, 1999, motion and entered the following order purporting to clarify its October 30, 1997, judgment:
"[The Employees] contend that this Court's [October 30, 1997,] order required that the back pay award be `calculated' in exactly the same way as done in the Brashears v. Alabama State Personnel Board case. Contrary to [the Employees'] assertions, neither this Court's [October 30, 1997,] order, nor the Court's order in Brashears required that `pre-judgment interest' be paid to the [Employees.] The order issued in the Brashears case did not address `prejudgment interest.'"
The trial court further held (1) that the Employees were not entitled to prejudgment interest under Ala.Code 1975, § 8-8-8, because, it concluded, their action was not based on a contract theory, and (2) that the State had fully complied with the October 30, 1997, judgment.
The Employees filed a motion asking the court to alter, amend, or vacate its September 27, 1999, order. On January 25, 2000, the court granted that motion, holding that under § 8-8-8 the Employees were entitled to prejudgment interest on the backpay award. The trial court ordered the State to pay prejudgment interest at the rate of 6% per year "on all ... backpay earned prior to" the trial court's October 30, 1997, judgment. The State appeals from that order.
The State argues that the trial court erred in holding that under § 8-8-8 the Employees are entitled to prejudgment interest. The Employees, on the other hand, argue that the trial court's October 30, 1997, judgment clearly required the State to pay prejudgment interest on the award of backpay and that the State cannot now collaterally challenge that judgment, given that it has been affirmed by this Court and that in the prior appeal the State failed to raise the issue of prejudgment interest.
A trial court has inherent authority to interpret, clarify, and enforce its own final judgments. See Helms v. Helms' Kennels, Inc., 646 So.2d 1343, 1347 (Ala. 1994) ("a trial court does have residual jurisdiction or authority to take certain actions necessary to enforce or interpret a final judgment"); Gild v. Holmes, 680 So.2d 326, 329 (Ala.Civ.App.1996) ("A trial court possesses an inherent power over its own judgments that authorizes it to interpret, clarify, implement, or enforce those judgments."). Thus, even after this Court, on the direct appeal, affirmed the trial court's October 30, 1997, judgment, that court retained jurisdiction to interpret and clarify that judgment.
Courts are to construe judgments as they construe written contracts, applying the same rules of construction they apply to written contracts. See Hanson v. Hearn, 521 So.2d 953, 954 (Ala. 1988). Whether a judgment is ambiguous is a question of law to be determined by the court. See Chapman v. Chapman, 634 So.2d 1024, 1025 (Ala.Civ.App.1994); Grizzell v. Grizzell, 583 So.2d 1349, 1350 (Ala. Civ.App.1991). If the terms of a judgment are not ambiguous, then they must be given their usual and ordinary meaning and their "legal effect must be declared in the light of the literal meaning of the language used" in the judgment. Wise v. Watson, 286 Ala. 22, 27, 236 So.2d 681, 686 (1970); see Moore v. Graham, 590 So.2d 293, 295 (Ala.Civ.App.1991). However, if a term in a trial court's judgment is ambiguous, then the trial court's interpretation of *425 that term "is accorded a heavy presumption of correctness and will not be disturbed unless it is palpably erroneous." Chapman, 634 So.2d at 1025.
We conclude that the phrase "with interest," as used in the trial court's judgment of October 30, 1997, is ambiguous because it is susceptible to more than one reasonable interpretation. See Homes of Legend, Inc. v. McCollough, 776 So.2d 741 (Ala.2000). The phrase could mean only postjudgment interest, see Mixer v. Mixer, 2 Cal.App. 227, 231, 83 P. 273, 274 (1905) (holding that in a money judgment the phrase "with interest thereon" is "to be construed as legal interest from the date of [the judgment's] rendition"); it could mean only prejudgment interest; or it could mean both prejudgment and postjudgment interest, see McNickle v. Bankers Life & Cas. Co., 888 F.2d 678, 681 (10th Cir.1989) (stating that the term "interest," as used in a request in the plaintiffs complaint, "encompasses all interest, both preand post-judgment").[3] In its September 27, 1999, order, the trial court stated that the October 30, 1997, judgment did not include prejudgment interest. We conclude that the trial court's September 27, 1999, interpretation of its own October 30, 1997, judgment was not palpably erroneous, because that interpretation is the only interpretation consistent with Ala.Code 1975, § 8-8-8. See Womack v. Womack, 307 Ark. 269, 270, 818 S.W.2d 958, 959 (1991) (holding that in construing ambiguous terms in a judgment a court will presume them to conform with statutory law).
Section 8-8-8 provides that "[a]ll contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing ... should have been paid, or such act ... performed." (Emphasis added.) The Employees did not allege any breach-of-contract theories in their complaint. Claims arising out of the employment relationship between a government entity and its employees are not contract claims. See City of Anniston v. Douglas, 250 Ala. 367, 371, 34 So.2d 467, 470-71 (1948) (holding that claims arising out of the employment relationship between a municipality and its employee are not contract claims because a city employee's salary is "an amount due and owing by virtue of law, and not by contract"); see also Whitlow v. City of Birmingham, 689 So.2d 107, 109 (Ala.Civ. App.1996) (holding that "§ 8-8-8 is limited strictly to contract actions and ... does not apply to awards of backpay for municipal employees"). Therefore, under the facts of this case, we conclude that the Employees were not entitled to an award of prejudgment interest under Ala.Code 1975, § 8-8-8. Because the Employees were not entitled to prejudgment interest, we will presume that the trial court meant only postjudgment interest when it used the term "with interest" in its October 30, 1997, judgment.
*426 Accordingly, we conclude that the trial court erred in granting the Employees' motion to alter, amend, or vacate its September 27, 1999, order. The trial court erred because a trial court lacks the authority, after a judgment has been affirmed on appeal, to alter or amend that judgment by adding an award of prejudgment interest.[4] See McArthur v. Dane, 61 Ala. 539 (1878); Ryan v. Ryan, 268 Ala. 490, 492, 108 So.2d 340, 342 (1959). Therefore, based on Ala.Code 1975, § 8-8-8, we reverse the trial court's order awarding the Employees prejudgment interest. We remand the case for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, LYONS, and BROWN, JJ., concur.
JOHNSTONE and ENGLAND, JJ., dissent.
JOHNSTONE, Justice (dissenting).
I respectfully dissent. After the affirmance by this Court of the October 30, 1997, trial court judgment became final, that judgment became the law of the case. That judgment unequivocally ordered the State to pay the employees interest on their backpay and back retirement benefits. The judgment did not in any way distinguish between prejudgment and postjudgment interest. No aspect of the order suggests that the parties or the trial court contemplated any such distinction. The order left nothing to interpret or to clarify on this issue under any guise or procedure. This final judgment could not be revisited, much less altered or amended, by the trial court or, derivatively, by this Court. Thus the doctrine of res judicata requires that we affirm the order presently before us enforcing the employees' already adjudicated right to the prejudgment interest.
NOTES
[1] Two of the Employees are now deceased and are represented by their personal representatives.
[2] After the Employees brought their action, the Legislature repealed § 40-2-24, effective May 16, 1996.
[3] In McNickle, the district court entered a judgment awarding the plaintiffs money damages "with interest thereon as provided by law." See 888 F.2d at 679-80. The United States Court of Appeals for the Tenth Circuit affirmed that judgment on direct appeal. After that, the plaintiffs filed a motion pursuant to Fed.R.Civ.P. 60(a) seeking an award of prejudgment interest. The district court denied the plaintiffs' Rule 60(a) motion. The Tenth Circuit reversed. It held that "[i]f a court's judgment states that interest is to be `according to law' but the rate is not specified, the court may specify, in response to a Rule 60(a) motion, the appropriate rate at any time." McNickle, 888 F.2d at 682. The Tenth Circuit reasoned that the district court had intended to award interest as provided by law and that under the applicable state interest statute, prejudgment interest was mandatory. See id.
[4] A court does have authority under Rule 60(a), Ala. R. Civ. P., to correct an omission of prejudgment interest from a judgment where it had intended to award prejudgment interest but failed to do so when it entered its judgment, or where the judgment failed to include prejudgment interest that is mandated by law. See Paddington Partners v. Bouchard, 34 F.3d 1132, 1141, 1144 (2d Cir.1994) Klingman v. Levinson, 877 F.2d 1357, 1361 (7th Cir.1989); McNickle v. Bankers Life & Cas. Co., 888 F.2d 678, 682 (10th Cir.1989); Frigitemp Corp. v. Lefrak, 781 F.2d 324, 327 (2d Cir.1986); Frederick v. Mobil Oil Corp., 765 F.2d 442, 450 (5th Cir.1985); Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 40, 42-44 & n. 4 (2d cir.1979); Morgan Guar. Trust Co. v. Third Nat'l Bank, 545 F.2d 758, 759 (1st Cir.1976); Warner v. City of Bay St. Louis, 526 F.2d 1211, 1212-13 & n. 4 (5th Cir.1976); see also 11 Charles Alan Wright et al., Federal Practice and Procedure § 2817 (2d ed. 1995) ("It has been held that a motion for amendment of the judgment to include prejudgment interest is under Rule 60(a), and is not subject to the time limit of Rule 59(e), if the party is entitled to interest as a matter of right, but that if allowance of prejudgment interest is in the discretion of the court then the [time] limit of Rule 59(e) applies."); id. § 2854, at 245-46 ("The judgment may be corrected by including interest if this is a matter of right but not if allowing interest is discretionary."); 12 James Wm. Moore et al., Moore's Federal Practice § 60.11[2][b] (3d ed.1997). But see Ostermeck v. Ernst & Whinney, 489 U.S. 169, 176 n. 3 & 177, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989) (holding "that a postjudgment motion for discretionary prejudgment interest is a Rule 59(e) motion" and noting in dictum that "the result should [not] be different where prejudgment interest is available as a matter of right"); accord Capstick v. Allstate Ins. Co., 998 F.2d 810, 812-13 (10th Cir. 1993); Keith v. Truck Stops Corp. of America, 909 F.2d 743, 746 (3d Cir.1990).