PER CURIAM.
Southeast Construction, L.L.C. (“SEC”), appeals from the entry by the Tuscaloosa Circuit Court of judgment on an arbitration award. WAR Construction, Inc. (‘WAR”), has filed a cross-appeal — which we treat as a petition for a writ of mandamus — challenging the circuit court’s refusal to enforce the judgment.

I. Facts and Procedural History

On July 12, 2007, SEC and WAR entered into a construction contract pursuant to which WAR, as the general contractor, agreed to build a condominium development in Tuscaloosa known as The Chimes Condominiums (“The Chimes”) for SEC, as owner. Upon completion of the project, disputes arose between SEC and WAR concerning performance under the construction contract. Pursuant to the contract, those disputes were submitted to binding arbitration in accordance with the rules of the American Arbitration Association. On February 17, 2009, WAR filed a complaint in the Tuscaloosa Circuit Court against SEC seeking damages for breach of contract and work and labor performed and enforcement of a mechanic’s and mate-rialman’s hen on The Chimes. The circuit court stayed the action pending the arbitration proceeding between the two parties.
On February 16, 2011, a three-arbitrator panel ruled in favor of both SEC and WAR on their respective claims against one another, resulting in a net award to WAR of $373,929. SEC filed a motion for modification of the award. The arbitration panel issued a modified award on March 16, 2011, in which it stated that the net award to WAR was to be paid by SEC
“upon [SEC’s] receipt of reasonably appropriate and adequate releases of liens and claims against [SEC], its surety and the project involved in this proceeding from [WAR] and all of [WAR’s] subcontractors/suppliers that filed a lien on the project; provided that, in lieu of a release from such subcontractor/supplier, [WAR] may provide an adequate bond or other adequate security. This shall occur no later than May 13, 2011.”
Neither party filed an appeal of the award pursuant to Rule 71B, Ala. R. Civ. P., within 30 days of service of notice of the modified arbitration award.[1]
*373 On April 22, 2011, WAR filed in the Tuscaloosa Circuit Court a “Motion for Clerk’s Entry of Arbitration Award as Final Judgment” pursuant to Rule 71C, Ala. R. Civ. P.[2] WAR attached a copy of the original arbitration award and the modified award to its motion. On April 25, 2011, SEC filed a response in opposition to WAR’S motion in which it stated that WAR had not fulfilled its obligation of providing SEC with releases of liens and claims held by WAR and by subcontractors on The Chimes construction project.
On April 27, 2011, the circuit court entered an order in which it declined to have the award entered as a judgment at that time. The order explained:
“After a further review of the materials, it appears the awards are not ready for enforcement under Rule 71C for two reasons. First, enforcement of a portion of the award is subject to a time frame that has not yet occurred, i.e., May 13, 2011. Second, and most importantly, the arbitrators used language in crafting the award that is subject to interpretation and dispute, e.g., ‘reasonably appropriate’ and ‘adequate’ releases, ‘adequate’ bond or other security. If the court used such language in a judgment (as contrasted to language used by parties in settlement negotiations), it is likely that an appellate court would hold that a final judgment has not been entered. Likewise by analogy, it is not clear whether there is even a final award that would support an appeal from the arbitration awards based on the language used. Since the parties chose to remove the case from the judicial process by their agreement and subject it to resolution in an alternative forum, it will *374 be the responsibility of the arbitrators to rule on what is ‘reasonably adequate’ or ‘appropriate’ as expressed in their own order if the parties do not agree.”
On April 29, 2011, WAR filed a “Motion for Emergency Hearing” in which it contended that the award “complies with the requirements to constitute a ‘final award’ for purposes of entering a judgment” and that Rule 71C, Ala. R. Civ. P., required the circuit court to immediately enter the award as a judgment. In its motion, WAR made a distinction between “[t]he entry of judgment by the clerk” and “the subsequent enforcement of judgment.” WAR also “acknowledge^] that SEC is entitled to the lien releases as required by the award” and confirmed that it had not yet provided SEC with a release of its lien. WAR explained that it did “not want to release its lien or SEC’s surety bond until payment of the monetary award is secured. Otherwise, WAR loses its security ensuring payment.” To that end, WAR requested that the circuit court, if necessary, “enter an order to modify and correct the award, so as to effect the intent thereof and promote justice between the parties.” WAR cited 9 U.S.C. § 11(c) of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (“the FAA”), as authority for the circuit court to modify the award so that WAR would not be forced to provide a release of its lien before SEC paid the amount due WAR pursuant to the award.[3]
SEC filed a response in opposition to WAR’S motion in which it argued that “Rule 71C[, Ala. R. Civ, P.,] applies only to the enforcement of final arbitration awards” and that, because “the arbitrators’ ‘award’ is contingent,” it is “not ready for enforcement under Rule 71C.” SEC contended that WAR’S motion amounted to asking the circuit court “to relieve WAR of its obligations under the ‘award’ and only enforce SEC’s contingent obligations.” It also denied that the circuit court had the authority under § 11 of the FAA to modify the arbitration award in the manner requested by WAR.
Notwithstanding its order of April 27, 2011, on May 9, 2011, following a hearing, the circuit court did enter an order based upon the arbitration award. That order states:
“1. The documents from the arbitrators dated February 16, 2011 and March 16, 2011 are the awards. The Clerk is directed to enter the two documents from the arbitrators as a judgment under Rule 71(C)(f). Since the arbitrators did not address the issues, circuit court costs should be taxed as paid.
“2. The court and clerk are available to enforce the award if it is capable of enforcement through non-discretionary, perfunctory, ministerial acts such as garnishment, execution or other writ as provided in Ala.Code [1975,] § 6-6-13. “3. Any issue regarding interpretation, modification, clarification or amendment *375 of the awards should be presented to the arbitrators.
“4. If a certificate of judgment is requested under Ala.Code [1975,] § 6-9-210, the Clerk would need to determine whether such a request complies with the language of the arbitrators’ awards. No certificate of judgment should be prepared unless it complies with the arbitrators’ awards.
“The April 27 order is modified as noted above. All other claims are denied.”
On May 13, 2011, WAR filed what it styled as a “Notice of WAR’s Compliance with the Conditions of Judgment.” In the filing, WAR explained that it had supplied SEC with releases of all liens filed by subcontractors. As to its own lien, WAR again represented that it “does not want to jeopardize its security for the judgment without adequate assurance SEC is going to pay the judgment.” Thus, WAR attached copies of a signed satisfaction of the judgment and a signed release of WAR’s lien to its filing with the circuit court. WAR proposed that SEC “submit payment in full of the judgment” to WAR’s attorney, the payment to be held in the attorney’s trust account. After payment had been submitted, WAR’s attorney would file the original signed satisfaction of the judgment with the circuit clerk, and he would file the original signed release of the lien in the Tuscaloosa Probate Court. WAR stated that its attorney would not release SEC’s funds to WAR until the release and the satisfaction of the judgment had been filed.
SEC responded by filing a “Notice of WAR’s Noneompliance with Conditions of Judgment.” In that filing, SEC contended that WAR had not supplied SEC with releases of claims by two subcontractors— Premier Electric Service Company, Inc., or Laco Woodworks, Inc. It also noted that WAR had admitted that it still had not provided SEC with a release of its own lien.
The circuit court scheduled a hearing on the parties’ filings that was initially set for June 2, 2011, but the hearing was continued to a later unspecified date.
On June 7, 2011, SEC appealed from the circuit court’s May 9, 2011, order, arguing that the circuit court erred in entering a judgment on the arbitration award before WAR had fulfilled its obligations under the award. Subsequently, WAR filed a cross-appeal, complaining that the circuit court had failed to take any nonministerial actions to enforce the judgment. As noted at the outset of this opinion, we treat WAR’s cross-appeal as a petition for a writ of mandamus.
On July 21, 2011, WAR filed a motion to dismiss SEC’s appeal. In the motion, WAR contended that this Court lacked jurisdiction to entertain SEC’s appeal “[b]ecause SEC did not file a Rule 71B[, Ala. R. Civ. P.,] notice of appeal,” because “[t]he entry by the circuit clerk of the arbitration award as the final judgment of the court in accordance with Rule 71C[, Ala. R. Civ. P.,] is not a final appealable judgment,” and because there remain “unresolved questions of fact and law” before the circuit court. On November 18, 2011, this Court denied WAR’s motion to dismiss SEC’s appeal.

II. Analysis

A. Jurisdiction Over the Appeal and the Mandamus Petition

At the outset, WAR contends, as it did in its motion to dismiss, that SEC waived its right to appeal because it did not follow the procedure specified in Rule 71B, Ala. R. Civ. P., to obtain appellate review of an arbitration award. Conversely, WAR insists that its own failure to appeal in accordance with Rule 71B, Ala. *376 R. Civ. P., does not foreclose its petition to this Court.
An appeal in accordance with Rule 71B concerns an “appeal from the award entered as a result of the arbitration.” Rule 71B(a), Ala. R. Civ. P. This Court has noted that “[a] party seeking review of an arbitration award is required to file a motion to vacate during this period — while the judgment entered by the circuit clerk remains conditional — in order to preserve its ability to later prosecute that appeal to an appellate court once the judgment becomes final.” Horton Homes, Inc. v. Shaner, 999 So.2d 462, 467 (Ala.2008) (first emphasis added).[4] In the course of making its argument, WAR states that “SEC waived its right to judicial review of the merits of the arbitration award because SEC did not file a Rule 71B. appeal.” (Emphasis added.)
The problem with WAR’S argument that SEC waived its right to appeal is that SEC is not challenging the merits of the arbitration award. The first paragraph of the court’s May 9, 2011, order states that the award made by the arbitration panel was to be entered by the clerk of the court as a judgment pursuant to Rule 71C, which provides for the entry of a judgment of an arbitration award when there has not been a challenge to the merits of that award under Rule 71B.
Moreover, what SEC challenges in its appeal is merely the manner in which the circuit court sought in its May 9, 2011, order to implement and enforce the judgment, the entry of which it was simultaneously ordering. The procedure detailed in Rule 71B, Ala. R. Civ. P., is not applicable to such an order.
In its petition to this Court, WAR takes issue with the circuit court’s “refus[al] to take any non-ministerial, non-perfunctory act to enforce the arbitration award. WAR agrees with SEC that “the underlying arbitration award [is] not ambiguous. WAR asks this Court “to instruct the circuit court that it has both the authority and obligation to enforce its judgment and, if necessary, to construe the award to effectuate the intent thereof and promote justice between the parties.”
To the extent that WAR’S petition does not request this Court to direct the circuit court to modify the substance of the arbitration award, that petition likewise is not barred by WAR’S failure to file a Rule 71B appeal.

B. Merits of SEC’s Appeal and WAR’s Petition

SEC argues that the circuit court’s May 9, 2011, order did not give effect to the arbitrators’ decision. We see nothing in that order to support SEC’s position. To the contrary, paragraph 1 of the order explicitly provides for the clerk of the court “to enter the two documents from the arbitrators as a judgment under Rule 71C(f).” As is the case with any judgment, paragraph 2 states that “[t]he court and clerk are available to enforce the award if it is capable of enforcement through non-discretionary, perfunctory ministerial acts such as garnishment, execution or other writ.”
The final judgment the court ordered the clerk to enter based upon the arbitrators’ decision is one that adjudicates the rights and responsibilities of the parties. Accordingly, it is enforceable as a final judgment. In essence, it is a final judg *377 ment that requires certain acts of both parties. As such, it contemplates further enforcement, and perhaps interpretative acts, by the circuit court. This, however, does not make it a nonfinal judgment.[5]
WAR contends that the circuit court is required to give effect to the arbitrators’ award, citing Smallwood v. Holiday Development, LLC, 38 So.3d 718, 721 (Ala.2009). As WAR also contends, circuit courts have inherent authority to interpret and clarify their own judgments. State Pers. Bd. v. Akers, 797 So.2d 422, 424 (Ala.2000). See also Helms v. Helms’ Kennels, Inc., 646 So.2d 1343, 1347 (Ala.1994) (noting that “a trial court does have residual jurisdiction or authority to take certain actions necessary to enforce or interpret a final judgment”); Gild v. Holmes, 680 So.2d 326, 329 (Ala.Civ.App.1996) (“A trial court possesses an inherent power over its own judgments that authorizes it to interpret, clarify, implement, or enforce those judgments.”).
WAR also argues, with merit, as follows:
“To the extent that the circuit court is deterred by ambiguities in the arbitration award that constitutes its judgment, this Court has given straightforward direction. In [State Personnel Board v.] Akers, 797 So.2d [422] at 424, 425 [ (Ala.2000) ], this Court stated as follows:
“ ‘Courts are to construe judgments as they construe written contracts, applying the same rules of construction they apply to written contracts. See Hanson v. Hearn, 521 So.2d 953, 954 (Ala.1988). Whether a judgment is ambiguous is a question of law to be determined by the court. See Chapman v. Chapman, 634 So.2d 1024, 1025 (Ala.Civ.App.1994); Grizzell v. Grizzell, 583 So.2d 1349, 1350 (Ala.Civ.App.1991). If the terms of a judgment are not ambiguous, then they must be given their usual and ordinary meaning and their “legal effect must be declared in the light of the literal meaning of the language used” in the judgment. Wise v. Watson, 286 Ala. 22, 27, 236 So.2d 681, 686 (1970); see Moore v. Graham, 590 So.2d 293, 295 (Ala.Civ.App.1991). However, if a term in a trial court’s judgment is ambiguous, then the trial court’s interpretation of that term “is accorded a heavy presumption of correctness and will not be disturbed unless it is palpably erroneous.” Chapman, 634 So.2d at 1025.’ ”
Given the nature of the award made by the arbitrators in this case and the nature of the resulting judgment the circuit court properly ordered the clerk to enter, it is *378 apparent that the circuit court must take some additional responsibility for enforcing that award and the resulting judgment. To the extent WAR complains in its petition of the circuit court’s reluctance to do so, we agree with WAR and, accordingly, order the circuit court to take appropriate action to enforce the judgment it has entered based upon the arbitrators’ award.
1101050 — AFFIRMED.
1101137 — PETITION GRANTED; WRIT ISSUED.
WOODALL, STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ„ concur.
MURDOCK, J., concurs specially.
MALONE, C.J., recuses himself.

. Rule 71B provides, in pertinent part:
"(a) Who may appeal. Any party to an arbitration may file a notice of appeal from the award entered as a result of the arbitration.
"(b) When filed. The notice of appeal shall be filed within thirty (30) days after *373 service of notice of the arbitration award. Failure to file within thirty (30) days shall constitute a waiver of the right to review.
[[Image here]]
"(f) Procedure after filing. The clerk of the circuit court promptly shall enter the award as the final judgment of the court. Thereafter, as a condition precedent to further review by any appellate court, any party opposed to the award may file, in accordance with Rule 59, a motion to set aside or vacate the judgment based upon one or more of the grounds specified in Ala. Code 1975, § 6-6-14, or other applicable law. The court shall not grant any such motion until a reasonable time after all parties are served pursuant to paragraph (e) of this rule. The disposition of any such motion is subject to civil and appellate rules applicable to orders and judgments in civil actions.
"(g) Appellate review. An appeal may be taken from the grant or denial of any Rule 59 motion challenging the award by filing a notice of appeal to the appropriate appellate court pursuant to Rule 4, Alabama Rules of Appellate Procedure.”

. Rule 71C provides, in pertinent part:
"(a) Who may enforce. Any party to an arbitration may seek enforcement of the award entered as a result of the arbitration.
"(b) When filed. If no appeal has been filed pursuant to Rule 71B within thirty (30) days of service of the notice of the award, thereby resulting in a waiver of the right to review, the party seeking enforcement of the award may at any time thereafter seek enforcement of the award in the appropriate circuit court as set forth in paragraph (c) of this rule.
"(c) Where filed. The motion for entry of judgment shall be filed with the clerk of the circuit court where the action underlying the arbitration is pending or if no action is pending in the circuit court, then in the office of the clerk of the circuit court of the county where the award is made.
"(d) What filed. A party seeking enforcement of an award shall file a motion for entry of judgment, and shall attach to the motion a copy of the award, signed by the arbitrator, if there is only one, or by a majority of the arbitrators.
[[Image here]]
"(f) Procedure after filing. The clerk promptly shall enter the award as the final judgment of the court. After service pursuant to paragraph (e) of this rule, the prevailing party may seek execution on the judgment as in any other case.”

. Section 11 of the FAA provides:
"In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—
"(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
"(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
"(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
"The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties."
(Emphasis added.)

. "Rules 71B and 71C, Ala. R. Civ. P., were adopted, Rule 4(e), Ala. R.App. P., was adopted, and Rule 4(a)(1), Ala. R.App. P., was amended, all effective February 1, 2009, in response to Horton Homes, to clarify the procedure for taking an appeal from an arbitrator's award.” Ace Title Loan, Inc. v. Crump, 14 So.3d 94, 97 n. 3 (Ala.2009).

. "A final judgment is an order 'that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.' Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990).” Lunceford v. Monumental Life Ins. Co., 641 So.2d 244, 246 (Ala.1994). The determination whether a judgment is final does not depend on the title of the order; "rather, the test of a judgment's finality is whether it sufficiently ascertains and declares the rights of the parties." Ex parte DCH Reg'l Med. Ctr., 571 So.2d 1162, 1164 (Ala.Civ.App.1990) (emphasis added) (citing McCulloch v. Roberts, 290 Ala. 303, 276 So.2d 425 (1973)). In McCulloch, the Court explained as follows:
"In Ex parte Elyton Land Co., 104 Ala. 88, 91, 15 So. 939 (1893), this court held that:
" '... The test of the finality of a decree to support an appeal is not whether the cause remains in fieri, in some respects, in the court of chancery, awaiting further proceedings necessary to entitle the parties to the full measure of the rights it has been declared they have; but whether the decree which has been rendered, ascertains and declares these rights — if these are ascertained and adjudged, the decree is final, and will support an appeal....' ”
290 Ala. at 305, 276 So.2d at 426 (emphasis added).